UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

EDWARD J. ORECCHIO, M.D., PLLC, :
                                :
    Plaintiff,                   :
                                :
    v.                           :    File No. 1:08-CV-164
                                :
CONNECTICUT RIVER BANK, N.A.,    :
                                :
    Defendant.                   :
_____  :

OPINION AND ORDER
(Paper 25)

I.  Introduction

Plaintiff Edward J. Orecchio, M.D., PLLC brings this action for conversion and negligence. Plaintiff claims Defendant Connecticut River Bank, N.A. is liable for losses Plaintiff suffered when its employee fraudulently cashed checks at Defendant's Springfield, Vermont branch which were payable to Plaintiff and to Dr. Orecchio personally. Defendant moves for judgment on the pleadings under Fed R. Civ. P. 12(c) as to Counts I and III (Paper 25) of Plaintiff's Amended Complaint (Paper 8). Defendant asserts Plaintiff's common law claims are displaced by the Uniform Commercial Code.

II.  Background

For the purpose of evaluating Defendant's motion, the following facts are drawn from Plaintiff's complaint. Plaintiff is a New Hampshire limited liability company that provides

1

neurological medical services to patients with its principal place of business in Claremont, New Hampshire. Defendant is a National Banking Association with its principal place of business in Springfield, Vermont.

In January 2008, Plaintiff discovered Tracy Fairbank, an employee of Plaintiff until she resigned in October 2007, had been cashing checks with forged endorsements totaling over $100,000 at Defendant's Springfield branch.[1] Fairbank had no authority to endorse, deposit, cash, or negotiate payments made to Plaintiff. Plaintiff did not have an account with Defendant. Defendant cashed checks for Fairbank payable to "Edward J. Orecchio, M.D., PLLC," "Edward J. Orecchio, M.D.," and "Edward J. Orecchio" that Fairbank endorsed using a rubber stamp of "Edward J. Orecchio, M.D." The stamp was used to sign Dr. Orecchio's personal correspondence.

III. Discussion

    A.    Choice of Law

As a threshold matter, in a diversity case, a federal court must apply the law of the forum state in analyzing a choice of law question. Cap Gemini Ernst & Young, U.S., LLC v. Nackel, 346 F.3d 360, 365 (2d Cir. 2003). In Vermont Uniform Commercial Code (UCC) cases such as this one, Vt. Stat. Ann. tit. 9A

---

[1] Ms. Fairbank pled guilty to theft by unauthorized taking. (Paper 25-2 at 2 n.2.)

(Vt. UCC), § 4-102(b) determines which forum's law governs the dispute. Vt. UCC § 4-102(b) cmt. 2(c) ("Specifically [] subsection [b] applies to the initial act of a depositary bank in receiving an item and to the incidents of such receipt."). Section 4-102(b) provides "[t]he liability of a bank for action or non-action with respect to an item handled by it for purposes of presentment, payment, or collection is governed by the law of the place where the . . . branch [] is located." Id. § 4-102(b). It is undisputed the checks were cashed at Defendant's Springfield, Vermont branch. Therefore, section 4-102(b) mandates the application of Vermont law.[2] Id.; see also Bank of Nova Scotia v. HSBC Bank USA, No. 04 Civ. 1662, 2005 WL 1423362, at *3 (S.D.N.Y. June 16, 2005) (holding New York law applied because altered check was deposited in New York branch).

Accordingly, Plaintiff's UCC claims should have been brought under the Vermont UCC instead of the New Hampshire UCC. Both New Hampshire and Vermont have adopted the 1990 revision of the UCC. The Court will analyze Plaintiff's claims as if they were alleged under Vermont law.

B. Motion for Judgment on the Pleadings Standard

Under Rule 12(c), Defendant may be granted judgment if it has demonstrated no material issue of fact exists, and therefore

---

[2] New Hampshire has also adopted the UCC, including section 4-102. See N.H. Rev. Stat. Ann. § 382-A:4-102.

it is entitled to judgment as a matter of law.  <u>Juster Assocs. v. City of Rutland</u>, 901 F.2d 266, 269 (2d Cir. 1990).  Plaintiff will survive the motion if its complaint states a claim to relief plausible on its face.  <u>Johnson v. Rowley</u>, __ F.3d __, No. 07-2213-pr, 2009 WL 1619401, at *2 (2d Cir. June 11, 2009) (internal citation omitted).  The Court must accept as true all allegations in the complaint and draw all reasonable inferences in the non-moving party's favor, <u>id.</u>, but is not bound to accept legal conclusions cast as factual allegations.  <u>LaFaro v. N.Y. Cardiothoracic Group, PLLC</u>, __ F.3d __, No. 08-4621-cv, 2009 WL 1873649, at *1 (2d Cir. July 1, 2009) (internal citations omitted).

    C.   <u>Common Law Claims</u>

The general rule for displacement of common law by the UCC is:  "Unless displaced by the particular provisions of this title, the principles of law and equity . . . supplement its provisions."  Vt. UCC § 1-103(b).  For the following reasons, the Court holds Plaintiff's common law conversion claim, and its negligence claim to the extent it is based on common law, are displaced by particular provisions of the UCC.

Vt. UCC § 3-420(a) relates specifically to conversion; indeed, Plaintiff alleges a claim under New Hampshire's section 3-420.  Under section 3-420(a), a payor bank is liable in conversion when the bank pays on a forged indorsement:

4

> The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.

Id. § 3-420(a). The official comment to this section states that it "covers cases in which a depositary or payor bank takes an instrument bearing a forged indorsement." Id. § 3-420 cmt. 1. The Vt. UCC also establishes the standard of care applicable to a bank's handling of a negotiable instrument. Id. §§ 3-404, 3-406.

The Vt. UCC "must be liberally construed and applied to promote its underlying purposes and policies" which include making the law uniform among various jurisdictions. Vt. UCC § 1-103(a). Though the Vermont Supreme Court has not weighed in on whether common law conversion or negligence claims are displaced by the UCC, many other courts have concluded both common law conversion and negligence claims are displaced, or preempted, by the UCC. See, e.g., Bucci v. Wachovia Bank, N.A., 591 F. Supp. 2d 773, 780 (E.D. Pa. 2008) ("[A]n action based on the deprivation of property, where that property is an instrument, is subsumed and displaced by section 3[-]420."); Metz v. Unizan Bank, 416 F. Supp. 2d 568, 581 (N.D. Ohio 2006) (holding Ohio's UCC displaces common law claims for conversion and negligence); C-Wood Lumber Co. v. Wayne County Bank, 233 S.W.3d 263, 281-82 (Tenn. Ct. App. 2007) (holding UCC

5

displaced company's common law claims against bank arising from employee's depositing checks payable to the company into the employee's personal accounts). See also 2 James J. White & Robert S. Summers, Uniform Commercial Code § 18-4 n.5 (5th ed. 2008) ("Under the post-1990 Code, most courts find that common law claims for conversion and negligence are preempted.").

The Court finds the Vermont Supreme Court would hold common law claims arising from transactions governed by UCC Articles 3 and 4 are displaced by the Vt. UCC. See Vt. UCC § 1-103; see also State v. Sylvester, 22 A.2d 505, 508 (Vt. 1941) ("[T]he common law is impliedly repealed by a statute . . . which undertakes to revise and cover the whole subject matter."). Because the transactions at issue fall squarely within the scope of Articles 3 and 4, Plaintiff's claims against Defendant, and the scope of the remedies available to it, are governed solely by the UCC. Plaintiff's common law conversion claim and negligence claim -- to the extent it is based on common law -- are dismissed with prejudice.

D. Remaining Claims

Plaintiff's conversion claim brought under UCC § 3-420 remains as does Plaintiff's negligence claim, though it will be treated by the Court as alleged under the applicable sections of the Vt. UCC. In short, Plaintiff states plausible claims to relief for conversion and negligence under the Vt. UCC.

IV. Conclusion

Defendant's motion for judgment on the pleadings (Paper 25) is GRANTED. Plaintiff's conversion and negligence claims brought under the common law are dismissed with prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of July, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge