UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

EDWARD J. ORECCHIO, M.D., PLLC, :
:
    Plaintiff, :
:
v. : File No. 1:08-CV-164
:
CONNECTICUT RIVER BANK, N.A., :
:
    Defendant. :
:

RULING ON MOTIONS FOR PARTIAL
SUMMARY JUDGMENT, CLARIFICATION, AND TO STRIKE
(Papers 37, 38, 43)

I.    Introduction

Plaintiff Edward J. Orecchio, M.D., PLLC (Plaintiff or PLLC) brings this action for conversion and negligence. Plaintiff claims Defendant Connecticut River Bank, N.A. (CRB) is liable for losses suffered when its employee fraudulently cashed checks payable to Plaintiff and to Dr. Orecchio personally. (Paper 8.) Plaintiff moves for partial summary judgment under Fed R. Civ. P. 56(c) as to checks payable to it that were cashed with allegedly improper endorsements. (Paper 37.) Defendant requests clarification and affirmation of an earlier order (Paper 38) and moves to strike certain facts from Plaintiff's factual statement (Paper 43).

In an earlier ruling, the Court dismissed Plaintiff's common law conversion and negligence claims because they were displaced by the Uniform Commercial Code (UCC). (Paper 34.) The Court applied Vermont's UCC after conducting a choice of law

analysis. Id. at 2-3.  The analysis was premised on the checks having been cashed at CRB's Springfield, Vermont branch, however, they actually were cashed at a Charlestown, New Hampshire branch.  See Papers 37-4 at 2, 40 at 1.  Accordingly, CRB moves to clarify and affirm the Ruling under New Hampshire law.  (Paper 38.)  Plaintiff opposes.  (Paper 40.)  As the Court noted in the earlier Ruling, New Hampshire and Vermont have each adopted the 1990 revision of the UCC.  See Paper 34 at 3.  More importantly, both have also adopted revisions to Article 1, including section 1-103 which governs displacement of common law.  See Vt. Stat. Ann. tit. 9A § 1-103(b)[1]; N.H. Rev. Stat. Ann. § 382-A: (N.H. UCC) 1-103(b).  Therefore, under either state's law, the outcome is the same:  Plaintiff's common law conversion and negligence claims are displaced by the UCC.  Plaintiff's remaining claims -- for conversion and negligence under the UCC -- will be analyzed under the New Hampshire UCC.

II.     Background[2]

Plaintiff is a New Hampshire professional limited liability company providing neurological medical services to patients with its principal place of business in Claremont, New Hampshire.  Dr. Edward J. Orecchio owns Plaintiff.  CRB is a National Banking Association with its principal place of business in Springfield, Vermont.

---

[1] Plaintiff argues Vermont's and New Hampshire's versions of UCC § 1-103 are not identical because New Hampshire adopted revisions in 2006. (Paper 40 at 1.) Vermont also adopted revisions and a new § 1-103 became effective in 2007.

[2] The facts are gleaned primarily from CRB's factual statement (Paper 42-2) as CRB is the non-moving party and the facts are to be viewed in the light most favorable to it.

2

In January 2008, Plaintiff discovered Tracy Fairbank, its employee until she resigned in October 2007, had been stealing checks from insurance providers intended to compensate Plaintiff for treating patients.[3] Plaintiff alleges the stolen checks total over $100,000. (Paper 8 at 2 ¶ 10.) This motion concerns checks Defendant cashed for Fairbank payable to Plaintiff -- not to Dr. Orecchio personally. Plaintiff contends these checks total $43,772.57. (Paper 37-6.)

Plaintiff's payments from insurance providers generally included a check and an explanation of benefits (EOB). The check was to be stamped "deposit only" and placed in a locked box for Diane Orecchio -- Dr. Orecchio's wife -- who was exclusively responsible for depositing the checks and maintaining Plaintiff's Quickbooks. The EOB was to be separated from the check and placed in the mailbox of Sylvia Ward -- Plaintiff's medical billing specialist. No copies of either the check or the EOB were to be made.

While employed by Plaintiff, Fairbank was primarily responsible for opening Plaintiff's mail. Fairbank stole certain checks. She stamped the back of the checks with a rubber signature stamp of "Edward J. Orecchio, M.D." Fairbank added her signature below the signature stamp and cashed the checks at CRB.

---

[3] Ms. Fairbank pled guilty to theft by unauthorized taking. (Paper 25-2 at 2 n.2.)

III.    Discussion

   A.    Motion to Strike

CRB has moved to strike certain paragraphs of Plaintiff's statement of undisputed material facts and attached exhibits submitted in support of its partial summary judgment motion.  (Paper 43.)  CRB argues the statement is not certified to be based on personal knowledge as required and certain paragraphs contain legal argument.  CRB also argues the exhibits to Plaintiff's motion for summary judgment are not authenticated by and attached to an affidavit meeting the requirements of Rule 56(e).

Rule 56(e) states affidavits filed in connection with a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e).  Accordingly, "[a] court may strike portions of an affidavit that are not based upon the affiant's personal knowledge . . . or [that] make generalized and conclusory statements."  Hollander v. Am. Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999).  The Federal Rules do not require a court to strike such material.  See Primmer v. CBS Studios, Inc., ___ F. Supp. 2d ___, No. 08 Civ. 9422, 2009 WL 2876248, at * 3 (S.D.N.Y. Sept. 8, 2009).  Rather, the court may, as it chooses to do here, simply disregard material that does not comply with Rule 56(e).  Id.  Accordingly, Defendant CRB's motion to strike (Paper 43) is denied.

B. <u>Partial Motion for Summary Judgment</u>

Summary judgment is appropriate only where the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A genuine issue of material fact arises when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The Court must view the record in the light most favorable to the non-moving party, <u>Jaegly v. Couch</u>, 439 F.3d 149, 151 (2d Cir. 2006), and resolve ambiguities and draw inferences in favor of the non-moving party, <u>Salahuddin v. Goord</u>, 467 F.3d 263, 272 (2d Cir. 2006) (internal citation omitted).

Plaintiff contends it is entitled to summary judgment on its claims regarding the stolen checks made payable to it because cashing the checks violated CRB's check cashing policy. (Paper 37-4 at 4-6.) Plaintiff fails, however, to show how CRB's violation of its policy makes it liable to Plaintiff for either conversion or negligence under the UCC. Because Plaintiff provides no citations or support for this argument, the Court does not consider it. <u>Pelfresne v. Village of Williams Bay</u>, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority . . . forfeits the point."). Accordingly, Plaintiff's motion will not be granted on this basis.

Plaintiff also argues Defendant is liable under the UCC because it accepted and cashed the checks payable to Plaintiff without proper endorsement. (Paper 37-4 at 6-8.)

5

Plaintiff argues the checks lacked its endorsement because the checks were stamped with Dr. Orecchio's personal signature stamp and without the endorsement of the PLLC. Thus, CRB's cashing the checks was unreasonable as a matter of law. Id. at 6-7. Plaintiff fails to demonstrate under what provision of the UCC CRB's actions were unreasonable or unlawful. Accordingly, it has not met its burden to prevail on summary judgment.

Further, the Court finds there is a genuine issue of material fact as to whether checks made payable to the PLLC could be properly endorsed with Dr. Orecchio's personal signature stamp. Plaintiff contends Dr. Orecchio's personal signature stamp is not a PLLC endorsement. Id. Defendant claims Fairbank was authorized to endorse the PLLC checks by applying the personal signature stamp. (Paper 42 at 5.) The evidence is conflicting regarding the procedure for endorsing Plaintiff's checks. Mrs. Orecchio testified the checks were to be stamped with two stamps: a "deposit only" stamp and Dr. Orecchio's signature stamp. See Paper 44 at 3. Jamie Pero -- Plaintiff's current office manager -- testified PLLC checks were to be endorsed with Dr. Orecchio's signature stamp and a deposit only stamp that included the words "Edward Orecchio, M.D., PLLC." Id. at 3-4. If Dr. Orecchio's personal signature stamp is sufficient to endorse checks made payable to the PLLC, the PLLC checks would be no different than the personal checks to which this motion is not directed and Plaintiff concedes require trial. See Paper 44 at 2. Resolving this ambiguity and drawing an

inference in favor of Defendant, as the Court must, the Court finds there is a genuine issue of material fact precluding summary judgment in Plaintiff's favor.

IV. Conclusion

Defendant's Motion Requesting Clarification and Affirmation (Paper 38) is GRANTED. Defendant's Motion to Strike (Paper 43) and Plaintiff's Motion for Partial Summary Judgment (Paper 37) are DENIED.

Dated at Brattleboro, in the District of Vermont, this 14th day of December, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge